UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No: 25-10367-MJJ |
| | ) | |
| RAYMOND F. CLINTON, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM (Redacted)**

This Court may never be asked to sentence a defendant who has committed a more abhorrent crime. Defendant Raymond Clinton, Jr. ("Defendant") sexually assaulted [redacted], did so repeatedly, and recorded his despicable crime to enable him to watch the violation again and again. Defendant pled guilty to one count of sexual exploitation of children (production of child pornography), in violation of 18 U.S.C. § 2251(a) and (e). For the reasons outlined in the government's filing and to be articulated at the sentencing hearing, the government respectfully requests that this Court impose on Defendant a sentence of 30 years, the maximum sentence possible in this case.

**FACTS**

The government relies on and incorporates the facts as set forth in the statement of offense conduct in paragraphs 8 through 17 of Presentence Investigation Report ("PSR") issued by the United States Probation Office ("Probation") on August 19, 2026. The following provides a high-level overview of the facts of this case.

The victim in this case, [redacted]. At all times relevant to this case, [redacted]

[redacted] PSR ¶ 9. Defendant's wife [redacted] lived in the home until her death. PSR ¶ 9. After the death, Defendant began to sexually abuse [redacted]. PSR ¶ 9. The sexual assaults took place in the Brockton home, Defendant's workplace, and in other states when Defendant [redacted].

Two videos made by Clinton are at the center of this case. PSR ¶ 12. While the government understands that the Court need not view the videos, the full horror of Defendant's actions is difficult to convey and therefore the government will make the videos available and encourages the Court to watch them in their entirety. In the first video, Defendant spends several minutes positioning his cellphone at the foot of his bed. PSR ¶ 14. The video shows that after positioning his cellphone, Defendant gets into the bed and places his body in such a way as to be the focal point of the recording. PSR ¶ 14. Defendant was setting the stage for what he would record later that same day.

The second video is 27 minutes in length. PSR ¶ 15. It captures a naked Clinton sexually assaulting [redacted]. PSR ¶ 14. Initially, [redacted] appears almost unfazed as she watches something on her cell phone. PSR ¶ 14. When Defendant attempts to insert a finger into [redacted] vagina, she yells out in pain. This infuriates Defendant and he tells the child to leave. PSR ¶ 14. The child is so distraught at angering [redacted] that [redacted]. PSR ¶ 14. Defendant resumed his sexual assault on [redacted] until he ejaculated. PSR ¶ 14.

When questioned by law enforcement, [redacted] revealed that Defendant had been sexually assaulting her for three years, beginning in approximately June 2022 [redacted]. PSR ¶¶ 9-10. The victim also reported that the sexual assaults had taken place in various locations in and outside of Massachusetts. PSR ¶ 10. Defendant would take [redacted],

[redacted], often making the child engage in sex acts with him in exchange for those experiences. PSR ¶ 10. [redacted] also reported that Clinton threatened to harm her if she reported his repeated sexual assaults. PSR ¶ 11.

As more fully described in the PSR, Defendant was brazen enough to send [redacted] sexually explicit texts asking her to send him photos of her vagina and breasts. PSR ¶ 12. On Defendant's phone, investigators identified photographs of [redacted] including ones in which her vagina is visible and others in which she is posed (or positioned) in a provocative manner. PSR ¶ 16.

## DISCUSSION

### A. Sentencing Guidelines Calculation

Based on its assessment of Defendant's total offense level as 43 and his criminal history category as I, the United States Probation Office ("Probation") has computed Defendant's Guidelines incarceration range as life. However, the statutory maximum for the offense is 30 years and thus the range is 30 years. The government agrees.

In this case, the base offense level ("BOL") is 32. PSR ¶ 21. Pursuant to USSG § 2G2.2(b)(1)(A), four levels are added because the offense involved a minor who had not attained the age of 12 years.[1] PSR ¶ 22. Pursuant to USSG § 2G2.1(b)(2)(B), four levels are added because the offense involved the commission of a sexual act or sexual contact. PSR ¶ 23. Pursuant to USSG § [redacted] two levels are added [redacted]. PSR ¶ 24. The resulting adjusted offense level is 42. PSR ¶ 28. There is a three-level reduction for acceptance of responsibility. PSR ¶¶ 29-30. Pursuant to USSG § 4B1.5(a), five levels are added because the offense of conviction is a covered sex crime, and the defendant

[1] The victim was [redacted] at the time Defendant began sexually abusing her.

engaged in a pattern of activity involving prohibited sexual conduct. PSR ¶ 31. The total offense level is 44, which is treated as 43. PSR ¶ 32.

Defendant does not have criminal history that scores and thus his Criminal History Category is I. PSR ¶ 37. With TOL of 43 and CHC of I, the GSR ordinarily would be life, but because the crime does not have a maximum sentence of life, the applicable GSR is the maximum sentence for the crime. PSR ¶ 72. The Court is therefore limited to a 30-year sentence of imprisonment.

**B. Application of 18 U.S.C. § 3553 Factors**

Based on an evaluation of the § 3553(a) factors, the government believes that its recommended sentence appropriately reflects the seriousness of Defendant's offenses, promotes respect for the law, and provides just punishment for the offense; affords adequate specific and general deterrence to criminal conduct; and protects the public.

The government recognizes that it is difficult to quantify exactly how many months would satisfy the Court's obligation to impose a sentence that achieves these goals of sentencing in this matter. And the government understands that the Guidelines sentencing ranges for child pornography and exploitation crimes are high as compared to the ranges for most other federal crimes. That distinction is not without reason however: both Congress, in setting the mandatory minimum sentence of incarceration applicable Defendant's offense of conviction, and the Sentencing Commission, in developing the Guideline and specific offense characteristics applicable to his conduct, clearly recognize that individuals who prey on the most vulnerable members of our society merit truly significant punishment that is commensurate with the harm they cause and the danger they pose.

The depravity of Defendant's conduct before the Court is almost unfathomable. On multiple occasions, Defendant sexually exploited his [redacted]. On one occasion (the charged video), after perfectly positioning the camera, the Defendant filmed his sexual exploitation of the child. [redacted] will have to live for the rest of her life with the trauma of having been repeatedly sexually assaulted by [redacted] and having one of those assaults recorded. We do not know how exactly this horror will affect [redacted] over the decades, but we do know it will affect her. The sexual abuse has caused great and lasting pain not only to [redacted], but to her parents, relatives, and those who know and love her.

While all the sentencing factors in § 3553(a) are important, perhaps none is as important as the need to protect children from further crimes of Defendant and others who may consider following in his perverse footsteps. His crime makes clear that Defendant has no regard for anyone but himself. He is supremely selfish and acts on his deviant sexual desires. He therefore must never be allowed to be near a child again, regardless of his age or physical ability to harm a child. Further, other individuals tempted to commit such a horrific crime must know that their actions will be met by a severe punishment. This Court has both the opportunity and responsibility to protect children from Clinton and those like him.

In other federal cases involving hands-on offending by defendants charged with 18 U.S.C. § 2251, the government has recommended – and courts have imposed – sentences reflective of the seriousness of such offenses. *See*, *e.g*., *United States v. Groves,* 23-cr-10202-FDS (child care worker defendant with no criminal history who posed children nude and photographed them sentenced to 22 years and defendant who directed photos sentenced to **33 years**)*; United States v. Benoit,* 23-CR-30014-MGM (defendant with no scored criminal history sentenced to **46 years** for producing child pornography of two minor children and possessing hundreds of other files of child

pornography); *United States v. Raymond*, 20-CR-10222-RGS (defendant with no record sentenced to **60 years** for producing child pornography depicting his sexual assaults of two minors and surreptitiously recording others); *United States v. Nieves*, 19-CR-10367-DJC (transgender defendant with history of abuse and self-harm and no record sentenced to **30 years** for producing and distributing child pornography of two children, including depicting her hands-on abuse of one child; government recommended 40 years); *United States v. Decarolis*, 19-cr-40038-TSH (defendant with no record who produced child pornography involving five minors sentenced to **38 years**); *United States v. Lee*, 18-cr-10105-IT (defendant with no record who used messaging application to direct man to produce specific child pornography depicting sexual abuse of child known to that person sentenced to 20 years; defendant who sexually abused the child in producing the material sentenced to **50 years** in D.N.H. in 18-cr-00004-LM); *United States v. Anthony DeOrdio*, 18-cr-30056-MGM (defendant who created child pornography depicting sexual abuse of child known to him after having been previously convicted of a child pornography offense sentenced to **50 years**); *United States v. Jonathan Monson*, 18-cr-30015-MGM (defendant with no record who created child pornography depicting sexual abuse of child known to him sentenced to **40 years**); *United States v. Toronto*, 17-cr-10307-FDS (defendant with no record who produced child pornography depicting sexual abuse of two minor victims sentenced to **40 years**); *United States v. Germaine*, 17-cr-30010-ADB (defendant with no record who created child pornography depicting sexual abuse of child known to him when he was 25 years old sentenced to **35 years** pursuant to plea agreement); *United States v. Jason Gendron*, 13-cr-30036-WGY (defendant who created child pornography depicting sexual abuse of four children in his care sentenced to **50 years** pursuant to plea agreement contemplating range of 40-50 years). Against this landscape, it is clear that the government's recommendation is reasonable and warranted.

A minimum of five years of supervised release is mandatory. *See* 18 U.S.C. § 3583(k). The government supports its imposition.

**C. Restitution and Fines**

Restitution is also mandatory, pursuant to 18 U.S.C. § 3663A. The Court is required to determine the full amount of the victim's losses incurred or reasonably projected to be incurred by the victim as a result of the defendant's crime, and then "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." 18 U.S.C. § 2259(b)(2); *see also Paroline v. United States,* 572 U.S. 434, 457-62 (2014).

The government expects victim's counsel to provide her restitution request, with supporting documentation, this week. The government will then provide that request to defense counsel and inform the court whether there is agreement between the parties or whether motion practice is necessary as to the request. This Court need not decide restitution at the sentencing hearing, but must do so within 90 days of sentencing, pursuant to 18 U.S.C. § 3664(d)(5). The government therefore requests that the Court schedule a date after the sentencing hearing, by which date the parties must submit memoranda, either jointly or separately, advocating for an appropriate restitution amount.

In addition to mandatory restitution and the mandatory assessment assessed under 18 U.S.C. § 3013, Defendant is liable for a special assessment pursuant to 18 U.S.C. § 2259A (the "AVAA assessment"). The AVAA special assessment for production of child pornography is $50,000. The collection of restitution takes priority over any AVAA assessment levied. *See* 18 U.S.C. § 2259A(d)(2).

## CONCLUSION

For all of the foregoing reasons, the government respectfully asks that this Court impose a sentence of 30 years of imprisonment on Defendant to be followed by five years of supervised release. Such a sentence would be sufficient, but not greater than necessary, to reflect the seriousness of the offense and the goals of sentencing.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: *_/s/ Jessica L. Soto_*
David G. Tobin
Jessica L. Soto
Assistant United States Attorneys

Dated: August 27, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Jessica L. Soto*
Jessica L. Soto
Assistant United States Attorney